UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND,<br>CENTRAL LABORERS' WELFARE FUND,<br>CENTRAL LABORERS' ANNUITY FUND,<br>NORTH CENTRAL ILLINOIS LABORERS'<br>  HEALTH AND WELFARE FUND,<br>NORTHERN ILLINOIS & IOWA LABORERS'<br>  HEALTH & WELFARE FUND,<br>NORTHERN ILLINOIS LABORERS' ANNUITY FUND,<br>ILLINOIS LABORERS AND CONTRACTORS JOINT<br>  APPRENTICESHIP & TRAINING TRUST FUND,<br>NORTH CENTRAL LABORERS-EMPLOYERS<br>  COOPERATION AND EDUCATION TRUST,<br>MIDWEST REGION FOUNDATION FOR FAIR<br>  CONTRACTING, INC.,<br>MIDWEST REGION ORGANIZATION COMMITTEE,<br>GREAT PLAINS LABORERS' VACATION FUND,<br>and the GREAT PLAINS LABORERS' DISTRICT<br>  COUNCIL WORKING DUES CHECK OFF FUND<br><br>                        Plaintiffs,<br>   v.<br><br>LAW EXCAVATING. INC., an Illinois corporation, and<br>REID B. LAW, individually,<br><br>                        Defendant(s). | 20 C 50106 |

**COMPLAINT**

Plaintiffs Central Laborers' Pension Fund, *et al.* (collectively "Plaintiff Funds"), by their attorneys, complain against Defendants LAW EXCAVATING. INC. and REID B. LAW as follows:

**COUNT I**
against
LAW EXCAVATING. INC.
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

1.    This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2. Plaintiff Funds are multiemployer pension funds, welfare funds, apprentice funds, labor-management committees, and related funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, certain employers and employer associations. The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3. Plaintiff Funds receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements. The Plaintiff Funds' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between the Plaintiff Funds and employers.

4. Plaintiffs Central Laborers' Pension Fund is the authorized collection agent for the other Plaintiff Funds with respect to fringe benefit contributions and dues payments.

5. LAW EXCAVATING. INC. is an Illinois corporation doing business in (and with its principle place of business in) the Northern District of Illinois. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). LAW EXCAVATING. INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6. LAW EXCAVATING. INC. became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements. Copies of signature pages of such collective bargaining agreements are

2

attached as *Exhibit A*. LAW EXCAVATING. INC. has never terminated the collective bargaining agreements and they remain in effect.

7. By virtue of certain provisions contained in the collective bargaining agreement(s), LAW EXCAVATING. INC. became a party to and bound by the Plaintiff Funds' trust agreements.

8. LAW EXCAVATING. INC. became a party to and bound by one or more participation agreements with the Plaintiff Funds. Copies of such participation agreements are attached as *Exhibit B*. LAW EXCAVATING. INC. has never terminated the participation agreements and they remain in effect.

9. By virtue of certain provisions contained in the participation agreement(s), LAW EXCAVATING. INC. became a party to and bound by the Plaintiff Funds' trust agreements.

10. LAW EXCAVATING. INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to the Plaintiff Funds.

11. LAW EXCAVATING. INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

12. LAW EXCAVATING. INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to the Plaintiff Funds.

13. Under the terms of the collective bargaining agreements, participation agreements and trust agreements, LAW EXCAVATING. INC. is required to make fringe benefit contributions and dues payments to the Plaintiff Funds on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements. Under the terms of

3

the agreements, LAW EXCAVATING. INC. is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

14. Based on employer reports, LAW EXCAVATING. INC. failed and refused to pay all work dues and contributions for the following months when due in accordance with the provisions of the collective bargaining agreements, participation agreements, and trust agreements. Delinquent amounts include but may not be limited to the following:

Delinquent Contributions (05/2012 / Local 727): $92.44
Delinquent Contributions (12/2012 / Local 727): $141.04

**Total: $233.48**

15. LAW EXCAVATING. INC. additionally failed and refused to timely pay contributions for the following months when due in accordance with the provisions of the trust agreements and Collective bargaining agreement:

Delinquent Contributions (01/2017, 05/2017, 07/2017 / L727): $889.14
Delinquent Contributions (04/2019 – 09/2019 / Local 727): $6,541.33

**Total: $7,430.47**

16. The participation agreements and trust agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month next following the month for which the contributions are due. ERISA additionally provides, in 29 U.S.C. § 1132(g)(2)(C), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…liquidated damages provided for under the plan in an amount not in excess of 20 percent."

17. Because contributions were not paid when due, LAW EXCAVATING. INC. incurred 10% penalty assessments in accordance with the participation agreements and trust agreements totaling not less than the following:

4

Delinquent Contributions (05/2012 / Local 727): $9.24
Delinquent Contributions (12/2012 / Local 727): $14.10
Delinquent Contributions (01/2017, 05/2017, 07/2017 / L727): $88.91
Delinquent Contributions (04/2019 – 09/2019 / Local 727): $654.13

                     **Total:  $766.38**

18. The total amount owed by LAW EXCAVATING. INC. pursuant to the trust agreements is not less than **$8,430.33**, consisting of not less than: $233.48 in report form shortages (delinquent fringe benefit contributions), $7,430.47 in delinquent fringe benefit contributions, and $766.38 in late payment penalties.

19. LAW EXCAVATING. INC. has failed and refused to pay the amount of $8,430.33 known to be due to Plaintiffs.

20. Plaintiffs have been required to employ the undersigned attorneys to identify and pursue collection of the amount due from LAW EXCAVATING. INC.

21. ERISA provides, in 29 U.S.C. § 1132(g)(2)(D), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…reasonable attorney's fees and costs of the action, to be paid by the defendant." The participation agreements and trust agreements also provide that employers who become delinquent in making fringe benefit contributions are liable to the Plaintiff Funds for attorney's fees and costs.

22. ERISA provides, 29 U.S.C. § 1132(g)(2)(B), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…interest on the unpaid contributions."

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against LAW EXCAVATING. INC. in favor of Plaintiffs.

B. Order LAW EXCAVATING. INC. to pay Plaintiffs not less than $8,430.33.

C. Order LAW EXCAVATING. INC. to perform and continue to perform all obligations it has undertaken with respect to the Plaintiff Funds.

D. Order LAW EXCAVATING. INC. to pay interest, costs, and reasonable attorney's fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

E. Grant Plaintiffs such other and further relief as may be just.

## COUNT II
### Against REID B. LAW

1. - 22. Plaintiffs reallege paragraphs 1 - 22 of Count I.

23. This Count arises from a common nucleus of operative facts with Count I and is pendent to that count.

### Breach of Contract / Trust Agreements

24. Plaintiffs are advised and believe that REID B. LAW is the President, Chief Executive Officer, Chief Financial Officer, and Chief Operating Officer of LAW EXCAVATING. INC. and is in control of the corporation. Further, Plaintiffs are advised and believe that REID B. LAW is a director of LAW EXCAVATING. INC.

25. Pursuant to the collective bargaining agreements to which LAW EXCAVATING. INC. agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

26. Pursuant to the trust agreements establishing the Plaintiff Funds, to which LAW EXCAVATING. INC. and REID B. LAW agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be determined to have had

personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

27. Plaintiffs are informed and believe that REID B. LAW did so supervise the completion of report forms, sign report forms, and had personal knowledge of the willful violations of the requirements of the trust agreements and the Collective bargaining agreement, making REID B. LAW personally liable for the money owed to the Plaintiff Funds by LAW EXCAVATING. INC.

### Piercing the Corporate Veil

28. There is a unity of interest and ownership between LAW EXCAVATING. INC. and REID B. LAW such that the separate personalities of the corporation and the individual no longer exist, and adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, and promote inequitable consequences, making REID B. LAW personally liable for the money owed to the Plaintiff Funds by LAW EXCAVATING. INC.

### Alter Ego and/or Single Employer

29. Upon information and belief, and at all times material to this complaint, LAW EXCAVATING. INC. and REID B. LAW have been affiliated and intertwined business enterprises with substantially identical management, business purposes, operations, jobs, services, production processes, products, equipment, facilities, customers, personnel, supervision, and ownership.

30. Based on their nature and activities as alleged the preceding two paragraphs, LAW EXCAVATING. INC. and REID B. LAW constitute a single integrated business enterprise and have been, at all material times, alter egos and a single employer. REID B. LAW is therefore bound by the terms of the Memorandum of Agreement and the trust agreements, making him personally liable for the money owed to the Plaintiff Funds by LAW EXCAVATING. INC.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against REID B. LAW in favor of Plaintiffs.

B. Order REID B. LAW to pay Plaintiffs $8,430.33, plus any additional amount shown to be due.

C. Order REID B. LAW to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

D. Order REID B. LAW to pay punitive damages.

E. Grant Plaintiffs such other and further relief as may be just.


Respectfully submitted,

CENTRAL LABORERS' PENSION FUND, *et al.*

By: /s/ *Richard A. Toth*
One of their attorneys


DALEY AND GEORGES, LTD.
*Attorney for Plaintiffs*
20 S. Clark St., Suite 400
Chicago, IL 60603-1903
(312) 726-8797

8

14033

The parties agree that nothing herein is intended to nor shall it be construed as creating ecognition of or bargaining with a multi-employer bargaining unit other than those already recognized by the Local Union and limited to the geographical jurisdiction of the Local Unions.

8. This Agreement shall remain in full force and effect through April 30, 2011, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9. The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this _16th_ day of _June_, 20_08_.

ACCEPTED:

LABORERS' LOCAL UNION NO. _727_

BY: _Ken Aldul_
(Business Manager)

GREAT PLAINS LABORERS'
DISTRICT COUNCIL

BY: _Frank E. Hover_
(Business Manager)



_Law Excavating Inc_
(Contractor Name)

BY: _Reid Law President_
(Name & Title)

_100 N. Jackson_
(Address)

_Mt. Carroll IL. 61053_
(City, State & Zip Code)

_815-238-1614_
(Telephone Number)

_815-244-1115_
(Facsimile Number)

 **REDACTED**
(Federal Employer Identification Number)

**EXHIBIT A**

14033

...s' Locals 32 & 727
...Highway Wage Addendum
...ctive May 1, 2008

Section 13. Payments to the office of the aforesaid Plans and Funds shall be made by the Employer no later than the 15th day of the month following the month for which payments are required.

*Payments made to the Central Laborers' Pension Fund office, P.O. Box 1267, Jacksonville, Illinois 62651. **MAKE ONE CHECK.**

**Payments made to the North Central Illinois Laborers' Health & Welfare Fund office, P.O. Box 9090, Peoria, Illinois 61612-9090. **MAKE ONE CHECK.**

SIGNED this _Neil Law_ _14_ day of _July_, 2008 at Rockford, Illinois.

FOR THE CONTRACTORS:

_____  7/15/08
Glen L. Turpoff                                Date
NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, INC.

FOR THE UNION:

_____  4-10-08
John F. Penn                                   Date
GREAT PLAINS LABORERS' DISTRICT COUNCIL

CONTRACTOR:

NAME:      Law Excavating Inc.

ADDRESS:   100 W. Jackson St

ADDRESS:   Mt. Carroll IL. 61053

SIGNATURE: Neil Law

DATE:      July 14 2008

LOCAL UNION NO. 32
Tom DalSanto, Business Manager
4477 Linden Rd., Suite E
Rockford, Illinois 61109
Phone: (815) 873-8875
Fax: (815) 873-8972

LOCAL UNION NO. 727
Ken Diehl, Business Manager
718 Bloody Gulch Road
Dixon, Illinois 61021
Phone: (815) 284-2049
Fax: (815) 284-1318

RECEIVED JUL 22 2008

-4-

14033

the Union upon said Association and mediation service for reopening, termination, or commencement of negotiations shall constitute notice upon and covering the non-member contractors signatory hereto.

IN WITNESS WHEREOF, the parties hereto have affixed their signatures which officially binds said parties under the provisions of the Agreement.

SIGNED this _____ day of _____ 2005, at Rockford, Illinois.

_____  9/17/05
Glen Turpoff                      Date
NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, INC.

FOR THE UNION:

_____  5-14-05
John F. Penn                      Date
GREAT PLAINS LABORERS' DISTRICT COUNCIL

CONTRACTOR:

Name: Hadlaw Law Excavating Inc.

Address: 100 N Jackson

Address: Mt. Carroll IL.

Signature: Rud Law

Date: July 14- 2008

RECEIVED JUL 22 2008

-29-

14033

EFFECTIVE DATE: This Agreement shall become effective the 1st day of January, 2012, except as otherwise provided herein, and remain in full force and effect until the 31st day of December, 2014 and shall thereafter continue from year to year, unless at least sixty (60) days prior to the expiration date, or as thereafter extended, either party hereto shall notify the other in writing of its intention to terminate. It is contemplated that the parties will, in said sixty (60) day period meet with each other to negotiate a new agreement.

REPRESENTING THE:
COMPANY

*/s/ Ceil Law*
Name

100 W. Jackson St.
Address

Mt. Carroll IL. 61053
Address

815-238-1614
Phone

815-244-0102
Fax

*/s/ Ted Law*  8-15-19
Signature            Date

REPRESENTING THE:
L.I.U.N.A. - LOCAL 32, 727

*/s/ Dominic Castonge*  3-30-12
Local 32                 Date

*/s/ Ken Diehl*  3-30-12
Local 727         Date

*/s/ Chas H Sleuth*  3-30-12
G.P.L.D.C.              Date

-26-

14033

# HEAVY HIGHWAY
## PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between ____Law excavating Inc____ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Joint Apprenticeship and Training Program and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | | | |
|---|---|---|---|
| $5.98 | per hour to Central Laborers' Pension Fund | $ .32 | per hour to Industry Advancement Fund |
| $6.79 | per hour to __NCILHWF__ Welfare Fund | 4.5%+ .45 | Working Dues (% or cents per hour) |
| $4.00 | per hour to __NIAF__ Annuity Fund | $ .12 | LECET |
| $ .70 | per hour to Illinois Laborers' and Contractors' Joint Apprenticeship & Training Program | $2.50 | Vacation |
| $ .10 | MRFFC | $ .04 | Other MARKET PROMOTION (DEDUCT) |
| | | $ .20 | Other ORGANIZING (DEDUCT) |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

**EMPLOYER**

Name of Business: Law excavating Inc
Address: 100 N. Jackson
City/State/Zip Code: Mt. Carroll IL 61053
Telephone: 815-235-1614
Authorized Signature: Tim Law Reis
Title: President
Date: July - 14 - 2008

**CENTRAL LABORERS' FUNDS**

Authorized Signature: [signature]
Title: Executive Director

**UNION**

Territory in which Agreement signed: Local __727__
Authorized Signature: Ken Diehl
Title: BUSINESS MANAGER
Date: June 16, 2008

RECEIVED JUL 22

**EXHIBIT B**

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer
Yellow copy: District Council or Local Union

14033             5281

# SMALL PAVERS
## PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between **Law excavating Inc.** (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Joint Apprenticeship and Training Program and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | | | |
|---|---|---|---|
| $5.51 | per hour to Central Laborers' Pension Fund | _____ | per hour to Industry Advancement Fund |
| $7.70 | per hour to NCIL H&W Welfare Fund | 2% | Working Dues (% or cents per hour) |
| _____ | per hour to _____ Annuity Fund | _____ | LECET |
| $0.10 | per hour to Illinois Laborers' and Contractors' Joint Apprenticeship & Training Program | _____ | Vacation |
| _____ | MRFFC | _____ | Other _____ |
| | | _____ | Other _____ |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| Law exc. Inc. | _Authorized Signature_ |
| Name of Business | Executive Director |
| 100 N. Jackson St. | Title |
| Address | |
| Mt. Carroll IL 61053 | UNION |
| City/State/Zip Code | |
| 815-238-1614 | Territory in which Agreement signed: Local 727 |
| Telephone | |
| _Ken Law_ | Ken Diehl |
| Authorized Signature | Authorized Signature |
| President | BUSINESS MANAGER |
| Title | |
| 8-15-14 | August 15, 2014 |
| Date | Date |

RECEIVED AUG 25 2014

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer
Yellow copy: District Council or Local Union



(Rev. 2/10) 2M